IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUAD INT'L., INC., | No. C 12-05434 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY** |
| v. | |
| JOHN DOE, | |
| Defendant. | |

    Plaintiff has filed an *ex parte* application seeking leave to take expedited discovery. Dkt.7. Having considered plaintiff's papers, the Court hereby GRANTS the *ex parte* application and finds that plaintiff has demonstrated good cause to take expedited discovery. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Plaintiff has no other way to obtain the identity of defendant, which is necessary to permit plaintiff to effect service of process. Hansmeier Decl. ¶ 32. In addition, expedited discovery is appropriate because Internet Service Providers ("ISPs") typically retain user activity logs for only a short period of time before destroying the information. *Id*. ¶ 29.

    Plaintiff is granted leave to serve a Federal Rule of Civil Procedure 45 subpoena on Comcast Cable Communications LLC and other ISPs seeking the name, address, telephone number, e-mail address, and Media Access Control address of the subscriber(s) assigned to IP address 71.202.175.46. The ISPs shall serve a copy of the subpoena and a copy of this Order upon the subscriber(s) within five days of receipt of the subpoena. The subscriber(s) shall then have 15 days from the date of service upon them to file any objections with this Court. If that 15-day period elapses without a subscriber filing an objection or a motion to quash, the ISPs shall have 10 days after said lapse to produce the information to plaintiff pursuant to the subpoena. The ISPs shall preserve any subpoenaed information pending the

resolution of any objection or motion to quash.

**IT IS SO ORDERED.**

Dated: November 6, 2012

SUSAN ILLSTON
United States District Judge